889 So.2d 1019 (2004)
Warren W. HOAG, Jr., et al
v.
STATE of Louisiana.
No. 2004-CD-0857.
Supreme Court of Louisiana.
December 1, 2004.
*1020 Jerry J. Guillot, Baton Rouge, Glenn Alan Koepp, Mary Florence Quaid, Baton Rouge, Alfred William Speer, II, Counsel for Applicant.
Charles C. Foti, Jr., Attorney General, Roy Achille Mongrue, Jr., Angie Rogers LaPlace, Thomas Leslie Enright, Jr., Assistant Attorney Generals, James Harold Napper, II, Baton Rouge, Jon Eric Boustany, Counsel for Respondent.
TRAYLOR, J.
We granted certiorari in this case to consider whether a court has the authority to issue a writ of mandamus to the Louisiana State Legislature and the State Treasurer, under theses circumstances, to order them to appropriate and pay funds to satisfy a judgment against the State of Louisiana. On review, we find that such a directive would impermissibly infringe upon the legislature's inherent power to legislate.

*1021 FACTS AND PROCEDURAL HISTORY
In 1984, the Louisiana legislature enacted La. R.S. 33:1559, which was entitled "Extra compensation for coroners."[1] This statute provided for an additional five hundred and forty eight dollars ($548.00) per month to be paid by the State of Louisiana to the coroners as supplemental pay. The following year, the legislature appropriated the funds for the "extra compensation." However, the funds were not distributed for the next ten years.
In 1996, several coroners filed a lawsuit, bearing the name Dawson v. State, seeking to collect past due and future compensation under former La. R.S. 33:1559. Judgment was awarded in favor of the coroners and the State did not appeal the judgment. Thereafter, the legislature appropriated the funds to pay this final judgment.
In 2000, the coroners filed another suit, entitled Hoag v. State of Louisiana through Its Treasurer, John Neely Kennedy in the 19th Judicial District Court of East Baton Rouge Parish, also seeking to collect past due and future compensation under former La. R.S. 33:1559. On April 19, 2001, the trial court granted summary judgment in favor of the plaintiffs and against the State of Louisiana. Each coroner in the case was awarded a money judgment for a specific sum as past due extra compensation owed under the supplemental statute, totaling $805,015.00, plus legal interest from the date of judgment. The judgment was appealed to and affirmed by the court of appeal in Hoag v. State, XXXX-XXXX (La.App. 1 Cir. 11/20/02), 836 So.2d 207. This Court denied writs. Hoag v. State of Louisiana, et al., 00-3199 (La.3/28/03); 840 So.2d 570. (Hoag I)
In 2003, State Representative N.J. Damico filed House Bill 1632 of the 2003 Regular Session to appropriate funds out of the state general fund to partially pay the judgment in Hoag I; however, that bill was never placed on the House Appropriations' calendar for consideration. Consequently, no state funds were appropriated to pay the Hoag I judgment.
On July 28, 2003, plaintiffs filed the instant suit, seeking a writ of mandamus,[2] praying that the Treasurer be directed "to pay all past due extra compensation owed to the Petitioners." ("Hoag II") Then, on December 3, 2003, the Plaintiffs filed a *1022 "Supplemental and Amending Petition for Writ of Mandamus" naming "the entire Louisiana Legislature through each of the members of the Senate and House of Representatives" and increasing the amount owed to $1,285,060.00 as "additional past due compensation since the filing of the original petition for writ of mandamus." Furthermore, Plaintiffs requested that a writ of mandamus issue "against the Louisiana Legislature ordering the Louisiana Legislature to appropriate funds to pay all past due and future extra compensation owed to the Petitioners ..." Essentially, plaintiffs sought to have the court order the legislature to vote to appropriate funds.
On March 5, 2004, the trial court ordered that a writ of mandamus issue, directing each member of the legislature to appropriate funds to pay the Plaintiffs all past due extra compensation, plus legal interest thereon, attorneys fees, and court costs by "the 22nd of June ... or show cause contrary on the 12th of July, 2004 why the alternative writ of mandamus should not be made peremptory and why the State of Louisiana should not be cast in judgment for the cost of these proceedings and reasonable attorney fees."[3]
The legislature and treasurer sought emergency writs in this Court and requested a stay order. On May 7, 2004, before the rule to show cause hearing was held and before any evidence was taken, this Court granted the stay and granted writs to consider the correctness of the trial court's ruling, issuing the writ of mandamus. Hoag v. State of Louisiana, 04-0857 (La. 05/07/04) 872 So.2d 1069.

LAW AND DISCUSSION
Our state constitution divides governmental power into separate legislative, executive and judicial branches and provides that no one branch shall exercise powers belonging to the others. La. Const., art. II, §§ 1, 2. This trichotomous branching of authority furnishes the basis for the existence of an inherent judicial power which the legislative and executive branches cannot abridge. Singer, Hutner, Levine, etc. v. LSBA, 378 So.2d 423 (La.1979); Saucier v. Hayes Dairy Products, 373 So.2d 102, 109, 114 n. 3 (La.1979). Likewise, the judicial branch is prohibited from infringing upon the inherent powers of the legislative and executive branches. LaBauve v. Louisiana Wildlife and Fisheries Comm'n, 289 So.2d 150, 151 (1974). Thus, when litigants seek to invoke the power of the judiciary to compel another branch of government to perform or act, we must closely and carefully examine whether the action is within the confines of our constitutional authority.
La. Const. art. XII, § 10 allows for suits against the State of Louisiana, except under certain specific circumstances. In the case sub judice, plaintiffs sued the state seeking an award of past due extra compensation. Plaintiffs moved for summary judgment and judgment was rendered in plaintiffs' favor. The state appealed the decision to the appellate court, which affirmed.[4] When this Court denied *1023 writs, the judgment in Hoag I became a final judgment. See La.Code Civ. Proc. art. 2166.
The parties to this matter do not contest the validity of the Hoag I judgment. The crux of the dispute in this case is the manner in which the judgment is paid. Just as the constitution recognizes a litigant's right to sue the state, the legislature has recognized the right of a successful litigant to collect a judgment rendered against the state. La. R.S. 13:5109(B), sets out the procedure for payment of a judgment and provides:
"Any judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision." [emphasis added]
La. R.S. 13:5109(B) is a clear expression of legislative intent; judgments rendered against the state are payable only by specific appropriation by the legislature. Rather than use the procedure set forth in La. R.S. 13:5109(B), plaintiffs seek the issuance of a writ of mandamus, asking the court to direct the legislature to appropriate and state treasurer to pay funds to satisfy the Hoag I judgment. Louisiana courts have repeatedly held that judgment creditors cannot mandamus political subdivisions to appropriate funds for payment of a judgment rendered against the respective political subdivisions. See Jones v. Traylor, 94-2520 (La.App. 4 Cir. 8/23/95), 660 So.2d 933; Landry v. City of Erath, 93-308 (La.App. 3 Cir. 12/8/93), 628 So.2d 1178; State, Dept. of Trans. & Dev. v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1 Cir.1985); Fontenot v. State, Through Dept. of Highways, 358 So.2d 981 (La.App. 1 Cir.1978), rev'd on other grounds, 355 So.2d 1324 (La.1978). Thus, the issue we must explore is whether plaintiffs may utilize the judicial mechanism of a writ of mandamus as an alternative means of executing on a judgment against the State of Louisiana.
Mandamus, codified in La.Code Civ. Proc. art. 3862, et seq., is an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief. This Court has routinely held that the only circumstances under which courts may cause a writ of mandamus to issue is where the actions sought to be performed by the legislature are purely ministerial in nature. A ministerial duty, the performance of which may be required of the head of a department by judicial process, is one in which nothing is left to discretion. Felix v. St. Paul Fire and Marine Ins. Co. 477 So.2d 676, 682 (La.1985). While we recognize plaintiffs' entitlement to seek to execute on the Hoag I judgment, we must consider whether the act of appropriating funds to pay the judgment, as required by La. R.S. 13:5109(B), is a purely ministerial duty for which mandamus would be appropriate.
Plaintiffs argue that mandamus is the only means by which to collect the judgment, as the legislature failed to vote to appropriate funds in the past. Plaintiffs' petition contains reference to the House Bill Representative Damico attempted to introduce which was never placed on the calender for consideration by the appropriations committee. They submit that mandamus is the only manner by which they could collect their judgment. We disagree.
La. R.S. 13:5109(B) sets forth the sole means by which a judgment against the state may be paid. Funds to *1024 satisfy a judgment against the state must be appropriated by the legislature before the treasurer is authorized to release the funds. By filing for mandamus, plaintiffs fail to recognize the critical element necessary for the issuance of mandamus, namely, that the public official to whom the writ is directed may exercise no element of discretion when complying. Ministerial duties are duties in which no element of discretion is left to the public officer. See Felix v. St. Paul Fire and Marine Ins. Co. 477 So.2d 676, 682 (La.1985); State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665 (1950); Blanchard v. Brown, 388 So.2d 865 (La.App. 1 Cir.), writ denied, 386 So.2d 919 (La.1980). A ministerial duty is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law. Franklin v. Massachusetts, 505 U.S. 788, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992); 505 U.S. 788, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992) citing State of Mississippi v. Johnson, 71 U.S. (4 Wall.) 475, 18 L.Ed. 437 (1866). If a public officer is vested with any element of discretion, mandamus will not lie. Vogt v. Board of Comm'rs of the Orleans Levee District, XXXX-XXXX (La.App. 4 Cir. 3/27/02), 814 So.2d 648. The very act of appropriating funds is, by its nature, discretionary and specifically granted to the legislature by the constitution.
The act of appropriating funds is granted to the legislature by La. Const. art. III, § 16.[5] This Court has consistently recognized the legislature's absolute control over the finances of the state, except as limited by the constitution. Louisiana Public Facilities Authority v. Foster, XXXX-XXXX (La.9/18/01), 795 So.2d 288. The Louisiana Constitution grants sole authority to the legislature to control the funds of this state and to appropriate funds within its control. The act which plaintiffs seek court intervention to accomplish is not ministerial because by its very nature the act of appropriation is discretionary. In fact, the act of appropriating funds is an integral discretionary function of the legislative branch of our government. The Louisiana Constitution delineates the parameters of each branch of government. Admittedly, there is some inevitable overlap of the functions and each branch of government must strive to maintain the separation of powers by not encroaching upon the power of the others. Consequently, the inherent powers of the judiciary should be used sparingly and only to the extent necessary to insure judicial independence and integrity. Konrad v. Jefferson Parish Council, 520 So.2d 393, *1025 397 (La.1988). Although we recognize that plaintiffs are entitled to payment of the judgment, a writ of mandamus directing the legislature to appropriate funds is an impermissible usurpation of legislative power by the judiciary. So finding, we are compelled to exercise judicial restraint and refrain from encroaching upon the constitutional delegation of power to the legislative branch by compelling it to appropriate funds to pay the Hoag I judgment. Thus, this Court finds that the courts of this state are without authority to issue a writ of mandamus directing the legislature to appropriate funds, a legislative action which is within its discretionary province and constitutional authority.

PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED
In response to plaintiffs' petition for a writ of mandamus, the legislature and treasurer filed writs in this Court arguing that the writ of mandamus directing the legislators to appropriate funds is a prohibited encroachment by the judicial branch on the powers of the legislative branch, in violation of Article II, § 2 and § 10 of the Louisiana Constitution. While defendants present their argument as one involving the separation of powers doctrine, we find they are effectively raising an exception of no cause of action.
La.Code Civ. P. art. 927(B) prescribes that a trial court or appellate court may, on its own motion, raise the objection of no cause of action. The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant under the factual allegations of the petition. Cleco Corp. v. Johnson, XXXX-XXXX, p. 3 (La.9/18/01), 795 So.2d 302, 304. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Fink v. Bryant, XXXX-XXXX, p. 3 (La.11/28/01), 801 So.2d 346, 348.
The relief requested by plaintiffs in their petition for mandamus is that the court order the legislature to appropriate funds for the specific purpose of funding the Hoag I judgment and to direct the treasurer to pay the judgment from the appropriated funds. Article 3, § 16 of the Louisiana Constitution specifically delegates the power of appropriation to the legislature. Article 2, § 2 of the Louisiana Constitution prohibits a branch of government from exercising power belonging to the other branches. The sole remedy at law for satisfaction of a judgment against the state is provided in La. R.S. 13:5109(B), and not by writ of mandamus. Thus, we find the judiciary is prohibited by the Louisiana Constitution from compelling the legislature to appropriate funds in this case by the issuance of a writ of mandamus because a writ of mandamus is appropriate only to compel the accomplishment of ministerial, non-discretionary acts. The action of appropriating funds is clearly within the discretion of the legislature. The sole remedy for the plaintiffs in this case is to seek legislative appropriation under La. R.S. 13:5109(B). Accordingly, we find that plaintiffs have failed to state a cause of action for which relief may be granted against the defendants in this matter and their petition for mandamus is hereby dismissed.

CONCLUSION
Based on the foregoing analysis, we find that appropriation of funds by the legislature to pay the Hoag I judgment under La. R.S. 13:5109(B) is a discretionary, not ministerial, duty. Therefore, a writ of mandamus cannot be issued from a court directing the legislature to appropriate *1026 funds to pay the Hoag I judgment. On its own motion, this Court recognizes the exception of no cause of action in the instant case, as plaintiffs have failed to establish a cause of action for which mandamus relief may be granted. Courts of this state are constrained by the Louisiana Constitution from impinging upon matters within the realm of the executive and legislative branches of government and must use judicial restraint when litigants seek to circumvent constitutional provisions. Plaintiffs' sole remedy for payment of the judgment at issue is set forth in La. R.S. 13:5109(B). Thus, the issuance of a writ of mandamus is inappropriate under the facts of this case.

DECREE
REVERSED. WRIT OF MANDAMUS RECALLED.
NOTES
[1] Prior to its repeal, La. R.S. 33:1559, entitled "Extra compensation for coroners," provided:

A. (1) Any coroner who is paid a salary or a salary and fees under the provisions of this Part, in addition, shall be paid five hundred forty-eight dollars per month by the state.
(2) Any coroner who is paid only fees under the provisions of this Part shall be paid five hundred forty-eight dollars per month by the state and may be paid an additional five hundred dollars per month by the parish governing authority.
B. The extra compensation for coroners payable by the state provided for in Subsection A of this Section shall be payable monthly by the state treasurer on the warrant of the coroners from funds appropriated by the legislature for this purpose.
C. The extra compensation for coroners which may be paid by the parish governing authority provided for in Subsection A of this Section shall be payable monthly by the parish governing authority on the warrant of the coroner. The funds for the parish portion of the extra compensation shall be carried as an item in the parish governing authority's annual budget.
[2] The petition for writ of mandamus named as defendants the State Treasurer, John Nelly Kennedy, Governor M.J. "Mike" Foster, the Louisiana Joint Legislative Committee on the Budget and the House Appropriations Committee through its chairman, Representative Jerry Luke LeBlanc, and the Senate Finance Committee through its chairman, Senator Jay Dardenne. The trial court later dismissed the Joint Legislative Committee on the Budget, the House Appropriations Committee, and the Senate Finance Committee as parties.
[3] The order also provided that a writ of mandamus be issued to the Louisiana Treasurer, John Neely Kennedy. Specifically, the order provides, in pertinent part:

"Considering the Petition for Writ of Mandamus and amendments thereto ..." ordering a "writ of mandamus issue directing the Louisiana Treasurer ... to pay Petitioners all past due extra compensation owed to Petitioners ... on 22nd of June, 2004 at 9:00 a.m. or show cause contrary on 12th of July, 2004 at 10:30 a.m., why the alternative writ of mandamus should not be made peremptory and why the State of Louisiana should not be cast in judgment for the cost of these proceedings ..."
[4] Hoag v. State, et al., XXXX-XXXX (La.App. 1 Cir. 11/20/02), 836 So.2d 207, writ denied, XXXX-XXXX (La.3/28/03); 840 So.2d 570.
[5] La. Const. art. III, Section 16 provides:

(A) Specific Appropriation for One Year. Except as otherwise provided by this constitution, no money shall be withdrawn from the state treasury except through specific appropriation, and no appropriation shall be made under the heading of contingencies or for longer than one year.
(B) Origin in House of Representatives. All bills for raising revenue or appropriating money shall originate in the House of Representatives, but the Senate may propose or concur in amendments, as in other bills.
(C) General Appropriation Bill; Limitations. The general appropriation bill shall be itemized and shall contain only appropriations for the ordinary operating expenses of government, public charities, pensions, and the public debt or interest thereon.
(D) Specific Purpose and Amount. All other bills for appropriating money shall be for a specific purpose and amount.
(E) Extraordinary Session. Except for expenses of the legislature, a bill appropriating money in an extraordinary session convened after final adjournment of the regular session in the last year of the term of office of a governor shall require the favorable vote of three-fourths of the elected members of each house.