| .GUIDRY, J.
In these consolidated actions, plaintiffs appeal the trial court’s granting of defendants’ motion for summary judgment and dismissal of plaintiffs’ claims. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
The State Board of Elementary and Secondary Education (BESE), defendant in this matter, is required by Louisiana Constitution article VIII, § 13(B) to “annually develop and adopt a formula which shall be used to determine the cost of a minimum foundation program of education in all public elementary and secondary schools, as well as to equitably allocate the funds to city and parish school systems.” Plaintiffs, A. Ponder Jones, Julie King Breaux, on behalf of her minor daughter Jennifer Breaux, and seven local school boards, filed petitions for mandamus, declaratory judgment, and injunctive relief seeking the inclusion of the cost of capital outlay funding for school buildings and school related facilities for elementary and secondary education in the formula for determination and distribution of funding for a minimum foundation program (MFP) of education. The plaintiffs alleged that omission of capital outlay from the MFP formula violates Article VIII, § 13 of the Louisiana Constitution. Further, plaintiffs alleged that the omission of costs for capital outlay from the current MFP formula utilized by BESE denies equal protection guarantees of the Louisiana Constitution of 1974 and the United States Constitution by requiring property owners and taxpayers in one city or parish to pay substantially more than property owners and taxpayers in another city or parish in order to fund the cost of school facilities.
In response to these allegations, BESE filed a motion for summary judgment. Following a hearing, the trial court signed a judgment granting BESE’s motion for summary judgment and dismissing plaintiffs’ claims, relying on this court’s decision in Charlet v. Legislature of the State of Louisiana, 97-0212 (La.App. 1st Cir.6/29/98), 713 So.2d 1199, writ denied, 98-2023 (La.11/13/98), 730 So.2d 934 and the Louisiana Supreme Court’s decision in Hoag v. State, 04-0857 (La.12/1/04), 889 So.2d 1019. The plaintiffs now appeal from this judgment and assert the trial court erred in concluding that BESE is not required to take the cost of school buildings and capital improvements into account in developing a funding formula for public schools, in relying upon Charlet and Hoag, and in rejecting the equal protection claim for similarly situated taxpayers.
DISCUSSION
Motion for Summary Judgment
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish those ends. La. C.C.P. art. 966(A)(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Craig v. Bantek West, Inc., 04-0229, p. 6 (La.App. 1st Cir.9/17/04), 885 So.2d 1241, 1245. The initial burden of proof is on the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). However, once the mover has made a pri-ma facie showing that the motion should be granted, if the non-movant bears the burden of proof at trial on the issue before the court, the burden shifts to him to *429 present evidence demonstrating that material factual issues remain. La. C.C.P. art. 966(C)(2); Hayes v. Autin, 96-287, p. 6 (La.App. 3rd Cir.12/26/96), 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). An |¡jssue is “genuine” if on the state of the evidence, reasonable persons could reach only one conclusion. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. A fact is “material” when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable substantive theory of recovery. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, pp. 26-27 (La.7/5/94), 639 So.2d 730, 751.
Article VIII of the Louisiana Constitution
Plaintiffs contend that BESE has violated the direct provisions of Article VIII, § 13(B) by (1) failing to annually develop a formula to determine the cost of a MFP and (2) failing to include in the formula costs for capital outlay funding for school buildings and school related facilities. Article VIII, § 13(B) contains the substantive provisions regarding BESE’s responsibility for developing a formula to be used in determining the cost of a MFP and states:
The State Board of Elementary and Secondary Education, or its successor, shall annually develop and adopt a formula which shall be used to determine the cost of a minimum foundation program of education in all public elementary and secondary schools as well as to equitably allocate the funds to parish and city school systems. Such formula shall provide for a contribution by every city and parish school system. Prior to approval of the formula by the legislature, the legislature may return the formula for consideration by the board to the board and may recommend to the board an amended formula for consideration by the board and submission to the legislature for approval. The legislature shall annually appropriate funds sufficient to fully fund the current cost to the state of such a program as determined by applying the approved formula in order to insure a minimum foundation of education in all public elementary and secondary schools. Neither the governor nor the legislature may reduce such appropriation, except that the governor may reduce such appropriation using means provided in the act containing the appropriation provided that any such reduction is consented to in writing by two-thirds of the elected members of each house of the legislature. The funds appropriated shall be equitably allocated to the parish and city school systems according to the formula as adopted by | ¿the State Board of Elementary and Secondary Education, or its successor, and approved by the legislature prior to making the appropriation. Whenever the legislature fails to approve the formula most recently adopted by the board, or its successor, the last formula adopted by the board, or its successor, and approved by the legislature shall be used for the determination of the cost of the minimum foundation program and *430 for the allocation of funds appropriated. [Emphasis added.]
In support of its motion for summary judgment, BESE presented the affidavit of Marlyn Langley, Deputy Superintendent for the Office of Management and Finance for the Department of Education. In her affidavit, Ms. Langley stated that the formula at issue is a continuation and improvement of the 1992 formula, which contains three levels. An attachment to the affidavit, entitled MFP Formula Calculation Description, contains a basic calculation of the MFP formula at each level. Additionally, another attachment to Ms. Langley’s affidavit, entitled Minimum Foundation Program Overview, provides a basic description of various components of the formula. Ms. Langley also stated that the formula at issue for the 2004-2005 year had been prepared, submitted, and approved.
Additionally, BESE presented a copy of Senate Concurrent Resolution No. 122, approving BESE’s educational funding formula for 2004-2005. The SCR 122 reiterates the constitutional mandate , of La. Const. Art. VIII, § 13(B) and states that BESE adopted a formula for determination of a MFP, which considers all statutory and board policy requirements necessary to achieve an appropriate cost determination for a minimum education program. A copy of BESE’s 2004-2005 funding formula is included in the SCR 122.
In opposition to BESE’s motion for summary judgment, plaintiffs submitted deposition testimony of Ms. Langley and numerous affidavits, as well as a SCR from 1996. Plaintiffs assert that Ms. Langley’s testimony establishes that BESE did not develop an annual formula. However, Ms. Langley’s testimony establishes that prior to 1996, the formula was determined based on actual costs. From 1996 17to 2000, the formula was frozen, with some annual adjustments, in order to get the MFP fully implemented. Once full implementation was reached in 2000, the formula was annually increased by 2.75 percent. None of Ms. Langley’s testimony, however, refutes her statement in her affidavit that the 2004-2005 formula has been prepared (developed), submitted, and approved. Rather, Ms. Langley’s testimony establishes that the formula annually developed by BESE no longer is based on actual costs, but is based on a per pupil amount agreed on between BESE and the legislature, which is annually increased by 2.75 percent. Notes attached to the 1996 SCR support that the formula is no longer a “cost plus” formula, and that after the program is fully funded, increases in funding will be tied to an inflation index. However, this evidence questions merely the method used in developing a funding formula and is not material to the issue of whether BESE in fact is developing an annual formula or whether the omission from that formula of funding for capital outlay for public school buildings and school related facilities violates the mandate of Article VIII, § 13(B).
Plaintiffs also introduced affidavits from several local school board officials, stating their school buildings and facilities are inadequate, deteriorating, and unsafe. Additionally, plaintiffs submitted the affidavit of an architect, James P. Labarre, III, which stated that in his opinion, school facilities affect student performance and student behavior. However, none of the statements contained in these affidavits are material to whether BESE has annually developed a formula. Additionally, while these statements assert that the formula does not include costs for capital outlay, they do not establish that the omission of funding for capital outlay for public school buildings and school related facili *431 ties from the formula violates the mandate of Article VIII, § 13(B).[1]
| ^According to the plain language of Article VIII, § 13(B), BESE is only required to annually develop and adopt a formula. See Charlet, 97-0212 at p. 15, 713 So.2d at 1207. The Louisiana Constitution does not require that any particular items be included in the formula nor does it require that the formula be based on actual costs. Therefore, from our review of the record before us, and considering this court’s decision in Charlet,[2] we find that there are no genuine issues of material fact as to BESE’s fulfillment of its constitutional mandate to annually develop a formula to determine the cost of a MFP and BESE is entitled to summary judgment on this issue.
Equal Protection Clauses of the Louisiana Constitution and United States Constitution
Plaintiffs additionally contend that BESE’s failure to include capital outlay funding for public school buildings and school related facilities in its current funding formula denies similarly situated taxpayers equal protection under the Louisiana Constitution and United States Constitution. The equal protection guarantee under the Louisiana Constitution is found in Article I, § 3, which provides:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
|sThe Fourteenth Amendment to the United States Constitution provides, in part, that “[n]o State shall make or enforce any law which shall ... deny to any person within its jurisdiction the equal protection of the laws.” To be entitled to summary judgment as a matter of law on both equal protection claims, BESE must demonstrate only that there is an appropriate/legitimate state interest for the MFP formula and that the funding formula suitably/rationally furthers that state interest. See Charlet, 97-0212 at p. 11, 713 So.2d at 1205; School Board of the Parish of Livingston, Louisiana v. Louisiana State Board of Elementary & Secondary Education, 830 F.2d 563, 568-569 (5th Cir.1987). The burden then shifts to the plaintiffs to show that there are genuine issues of material fact remaining, which would demonstrate that the challenged classification does not suitably/rationally further any appropriate/legitimate state interest. See Charlet, 97-0212 at p. 11, 713 So.2d at 1205; School Board of the *432 Parish of Livingston, Louisiana, 830 F.2d at 569.
BESE established, through the affidavit of Ms. Langley, that the goals of the funding formula at issue are to provide equal treatment of pupils with similar needs, programs'and learning opportunities that are sufficient for providing a minimum educational program for every individual. Additionally the program provides for local choice with respect to the establishment of budgets and tax levels for the support of local schools above the minimum education program ensured by the formula. The formula takes into account expenses necessary for supplying a minimum foundation program of education while allowing for flexibility and discretion for local school boards in allocating resources.
BESE also presented the affidavit of Dr. James A. Richardson, Professor of Economics and Director of the Public Administration Institute at Louisiana State University. Dr. Richardson stated that the funding formula at issue takes into account: student enrollment; special categories of students, including at-risk, |inspecial education, and vocational education; economy of scale adjustment for school districts with less than 7,500 students; -local tax capacity to support public education; and local willingness to use the tax capacity to support public education or tax effort. Dr. Richardson -stated that educational funding has grown 31.9 percent over the past nine years.' Dr. Richardson stated that the per pupil funding is related to income per capita, tax capacity per parish, and. size of the local school system. According to Dr. Richardson, there is a positive relationship between these variables. Finally, Dr. Richardson states that the per pupil growth rate for the plaintiff parishes suggests that the formula has been putting even more emphasis on directing state resources to the less affluent school systems over the last nine years.
Plaintiffs have submitted -affidavits from several local school board officials attesting to the inadequacies of their school buildings and facilities and their inability to fund repairs and/or construction of school buildings and facilities. Additionally, A. Ponder Jones attested that the failure to include capital outlay in the funding formula forces local school systems to bear 100 percent of the capital costs from their widely disparate tax bases. However, none of this evidence sufficiently establishes that simply because the plaintiffs happen to fall within a class of persons living in school districts with fewer taxable resources, BESE’s funding formula is designed to discriminate against them. See Charlet, 97-0212 at p. 12, 713 So.2d at 1205-1206. Given the goals that the MFP formula is 'designed to meet and the steps being taken to effectuate those goals under the current MFP formula, we find that the plaintiffs have failed to present any evidence suggesting that BESE’s funding formula is not suitably/rationally related to a appropriate/legitimate state interest. As this court reiterated in Charlet, “the system cannot be condemned because it imperfectly and incompletely effectuates the |nstate’s goals.” Charlet, 97-0212 at p. 12, 713 So.2d at 1206. Accordingly, BESE is entitled to summary judgment as a matter of law.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court granting BESE’s motion for summary judgment and dismissing plaintiffs’ claims. All costs of this appeal are to be borne equally by the plaintiffs, A. Ponder Jones, et al.
AFFIRMED.
KUHN, J., concurs and assigns reasons.

. We note that A. Ponder Jones did state in his affidavit that "[t]he State's failure to include the cost of facilities, an indispensable component of any program of education, in the MFP formula is ignoring our Constitution’s mandate that the formula be used to determine the cost of a minimum program of education....” However, his conclusory self-serving statement, without any articulated basis or support, is insufficient to overcome defendant’s prima facie showing on its motion for summary judgment. See Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226.

. Plaintiffs also contend that the trial court erred in relying on Charlet. Though not directly addressing the issue before us, we find that Charlet is instructive to the extent that the funding formula currently used by BESE, which is stated to be a continuation and improvement of the basic formula at issue in Charlet, was reviewed and found to be constitutional.