Judge Joy Cossich Lobrano
The Independent Weekly, LLC ("Independent Weekly") appeals the district court's April 26, 2017 judgment denying its petition for a writ of mandamus ordering the clerk of Orleans Parish Civil District Court, Dale Atkins ("Atkins"), to provide it with the records of previously sealed lawsuits (the "2004 Lawsuit," the "2005 Lawsuit," and the "2006 Lawsuit"; together, the "Lawsuits"). For the reasons that follow, we affirm the district court's judgment.
On March 20, 2017, Independent Weekly filed two ex parte motions to unseal the records of the 2004 Lawsuit and the 2006 Lawsuit. Although they had not been served with the ex parte motions, the original parties to the Lawsuits (the "Original Parties," separately, "Houghtaling" and "Perret")[1] appeared via counsel and objected *1120 to any portion of the records being unsealed. The ex parte motions were denied on the grounds that they were procedurally defective.
Ten days after filing its ex parte motions, on March 30, 2017, Independent Weekly made a public records request on Atkins seeking the records in the Lawsuits. Atkins denied the public records request because "the entirety of the records had been sealed pursuant to the orders of the district judges assigned to each of those dockets." Later that same day, after the public records request was denied, Independent Weekly filed a petition seeking a writ of mandamus ordering Atkins to deliver the records of the Lawsuits.
The Original Parties appeared at the hearing on the mandamus petition, seeking to intervene in the action. Although Perret states, through counsel, that she filed a petition to intervene on April 17, 2017, the record before this Court contains only a petition to intervene naming Houghtaling and an order granting Perret leave to intervene. Nevertheless, the transcript indicates that the district court allowed both of the Original Parties to intervene. On April 26, 2017, the district court denied the petition for a writ of mandamus. This appeal timely follows.
Independent Weekly assigns several errors-namely, that the district court erred by allowing Perret to intervene in the mandamus action, that the district court erred by failing to conduct an evidentiary hearing prior to denying the petition for a writ of mandamus, and that the district court erred by failing to grant the petition for a writ of mandamus. "An appellate court reviews a trial court's judgment denying a writ of mandamus under an abuse of discretion standard." Lewis v. Morrell , 2016-1055, p. 5 (La. App. 4 Cir. 4/5/17), 215 So.3d 737, 740 (citations omitted).
Article 1, § 22 of the Louisiana Constitution provides that "[a]ll courts shall be open...." Further, Article 12, § 3 of the Louisiana Constitution provides that "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." Additionally, the Public Records Act makes "any public record" not specifically exempted from the Act available for inspection and reproduction. La. R.S. 44:31 (B), see also Henderson v. Bigelow , 2007-1441, p. 10 (La. App. 4 Cir. 4/9/08), 982 So.2d 941, 947.
In accordance with these tenets, the Louisiana Supreme Court has held that, generally, "the public has a constitutional right of access to court records." Copeland v. Copeland , 2006-1023, p. 2 (La. 6/2/06), 930 So.2d 940, 941 ( Copeland I ). In spite of this general precept, however, "the fact that a document is filed into the public record does not necessarily mean that it will be accessible to the public." Copeland v. Copeland, 2007-0177, p. 5 (La. 10/16/07), 966 So.2d 1040, 1044 ( Copeland II ). "[T]he right to inspect and copy judicial records is not absolute." Nixon v. Warner Commc'ns, Inc. , 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978).
The Public Records Act provides that when "any person" is denied the right "to inspect, copy, reproduce, or obtain" a public record, that person "may institute proceedings for the issuance of a writ of mandamus..." against the custodian of that record. La. R.S. 44:35. Louisiana Code of Civil Procedure art. 3863 sets forth when a writ of mandamus may properly be issued. The article states:
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects to the office of his successor.
*1121 La. C.C.P. art. 3863. "Ministerial duties are duties in which no element of discretion is left to the public officer." Hoag v. State , 2004-0857, p. 7 (La. 12/1/04), 889 So.2d 1019, 1024 (citations omitted). If a public officer is vested with any element of discretion, mandamus will not lie. Id.
Independent Weekly argues that Atkins has a duty to permit the inspection of these particular court records which is purely ministerial in nature, despite the fact that they have been sealed via a court order. This argument is without merit. Unlike the archetypal case where a clerk of court, acting as the custodian of the requested public record must simply provide the requesting person with access to that public record,[2] Independent Weekly's characterization of Atkins' duty in this particular case would require her to, in the face of a district court order instructing otherwise, use her discretion to determine that she should disobey that court order. For that reason, mandamus does not lie, and the district court did not abuse its discretion. See Hoag , 2004-0857 at p. 7, 889 So.2d at 1024.
As Independent Weekly cannot obtain access to these particular documents via a mandamus action, no further discussion of its assignments of error is warranted. Accordingly, we pretermit them. The judgment of the district court is affirmed.
AFFIRMED

The parties were the same in all of the Lawsuits.

See La. R.S. 44:32 (setting forth the duties of the custodian of public records).