Judgment rendered December 18, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,096-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LARRY D. JEFFERSON, CHIEF
JUDGE COURT OF FOURTH
JUDICIAL DISTRICT COURT
OF STATE OF LOUISIANA and
FOURTH JUDICIAL DISTRICT
COURT OF STATE OF
LOUISIANA

Plaintiffs-Appellants

versus

OUACHITA PARISH POLICE
JURY and PARISH OF
OUACHITA

Defendants-Appellees

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2024-00120

Honorable Jimmy C. Teat, *Ad Hoc*, Judge

* * * * *

THE DAVENPORT FIRM, APLC          Counsel for Appellants
By: Thomas D. Davenport, Jr.

JAY BARDY MITCHELL               Counsel for Appellees
Assistant District Attorney

* * * * *

Before PITMAN, STEPHENS, and MARCOTTE, JJ.

**PITMAN, C. J.**

Plaintiffs-Appellants Larry D. Jefferson, Chief Judge of the Fourth Judicial District Court of the State of Louisiana, and the Fourth Judicial District Court of the State of Louisiana (collectively, "the Fourth JDC") appeal the district court's sustaining of an exception of no cause of action filed by Defendants-Appellees Ouachita Parish Police Jury and Parish of Ouachita (collectively, "the Police Jury"). For the following reasons, we affirm the judgment of the trial court and remand for further proceedings.

## FACTS

On January 10, 2024, the Fourth JDC filed a petition for writ of mandamus and injunctive relief against the Police Jury. The Fourth JDC developed a budget for the 2024 year and determined that $662,994 was necessary and reasonable for the operations and maintenance of the court. It submitted this budget to the Police Jury; and on December 4, 2024, the Police Jury approved a budget of $133,122. The Fourth JDC contended that in taking this official action, the Policy Jury declined to fund the court, which is a mandatory function of the Police Jury. It requested that a writ of mandamus be issued to compel the Police Jury to properly fund, pay and provide for the necessary and reasonable expenses of the Fourth JDC, to pay all outstanding unpaid expenses and to reform its budget to include and pay sums not less than the monthly expenses for the judicial expense fund, in addition to furnishing the necessary quarters for the court and its employees and personnel.

On February 16, 2024, the Police Jury filed a peremptory exception of no cause of action. It argued that a petition for mandamus is not an appropriate vehicle for the relief sought by the Fourth JDC and, therefore,

that it fails to state a cause of action and should be dismissed.  It stated that

in *Pineville City Ct. v. City of Pineville*, 22-00336 (La. 1/27/23), 355 So. 3d

600, the Louisiana Supreme Court found that a court seeking to impose

liability on a governing jurisdiction for payment of expenses claimed by the

court as reasonable and necessary does not state a cause of action for

mandamus and must be dismissed.  It explained that consideration of

whether claimed expenses are reasonable and necessary involves the

exercise of discretion on its part and that the Fourth JDC has not alleged that

it failed to provide any specific funding mandated by a specific statute.

On March 8, 2024, the Fourth JDC filed an opposition.  It argued that

*Pineville City Ct. v. City of Pineville*, *supra*, is not controlling but, rather,

that *McCain v. Grant Par. Police Jury*, 440 So. 2d 1369 (La. App. 3 Cir.

1983), applies.  It stated that the third circuit determined that a writ of

mandamus was the proper procedural device to compel a police jury to pay

past-due bills and reform the budget to provide for expected future bills.  It

also argued that the Police Jury has not met its burden of proof to support its

exception because it had not shown that its acts were discretionary, that the

expenses included in the budget are not reasonable or necessary and that it

does not have a mandatory duty to fund the Fourth JDC.

On March 15, 2024, the Police Jury filed a reply.  It emphasized that

the issue presented in its exception is whether mandamus is the proper

procedural vehicle for the Fourth JDC to assert its claim for additional

funding.  It contended that mandamus is not the proper vehicle.  It explained

that budgetary decisions involve an exercise of discretion and that this

discretionary element prevents the use of a writ of mandamus.

2

A hearing was held on March 19, 2024. Counsel for both parties discussed and distinguished the *Pineville City Ct. v. City of Pineville*, *supra*, and *McCain v. Grant Par. Police Jury*, *supra*, cases. The district court took the matter under advisement.

On May 1, 2024, the district court filed its reasons for judgment. It agreed with the Police Jury that *Pineville City Ct. v. City of Pineville*, *supra*, applies to this case and explained that where no specific statutory directive applies to making budgetary decisions, the local governing authority exercises its discretion. It stated that the discretionary element prevents the use of the writ of mandamus to mandate that the Police Jury provide the exact level of funding that the Fourth JDC requested. Accordingly, the district court sustained the exception of no cause of action filed by the Police Jury and dismissed the Fourth JDC's case.

On May 22, 2024, the district court filed a judgment sustaining the exception of no cause of action and dismissing the suit.

The Fourth JDC appeals.

## DISCUSSION

In its sole assignment of error, the Fourth JDC argues that the district court erred by applying *Pineville City Ct. v. City of Pineville*, *supra*, to this case and concluding that it could not utilize a writ of mandamus. It argues that the Police Jury has a legal responsibility and obligation to fund the Fourth JDC, that its failure to do so gives rise to a cause of action and that a writ of mandamus is the proper procedure to use to compel the Police Jury to fund the Fourth JDC.

The Police Jury argues that the district court did not err in determining that the Fourth JDC's demand that it fund all reasonable and necessary

3

expenses failed to state a cause of action for mandamus. It emphasizes that a writ of mandamus cannot be used to compel an act that involves the exercise of discretion. It states that the Fourth JDC's suit is not based on any specific statutory directive but on the general proposition that the Police Jury has an obligation to fund all reasonable and necessary expenses of the court.

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So. 2d 1234 (La. 1993). It should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. *Id.* In reviewing a district court's ruling sustaining an exception of no cause of action, the appellate court should conduct a *de novo* review because the exception raises a question of law, and the district court's decision is based only on the sufficiency of the petition. *Indus. Companies, Inc. v. Durbin*, 02-0665 (La. 1/28/03), 837 So. 2d 1207.

A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La C.C.P. art. 3862. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La. C.C.P. art. 3863.

The Louisiana Supreme Court has routinely held that the only circumstance under which courts may cause a writ of mandamus to issue is where the actions sought to be performed by the legislature are purely

4

ministerial in nature. *Hoag v. State*, 04-0857 (La. 12/1/04), 889 So. 2d 1019. *See also Pineville City Ct. v. City of Pineville*, *supra*. Ministerial duties are duties in which no element of discretion is left to the public officer. *Hoag v. State*, *supra*. A ministerial duty is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law. *Id*. If a public officer is vested with any element of discretion, mandamus will not lie. *Id*.

As argued by the Police Jury, *Pineville City Ct. v. City of Pineville*, *supra*, is applicable to the case *sub judice*. In *Pineville City Ct. v. City of Pineville*, *supra*, the Louisiana Supreme Court considered La. R.S. 13:1888, which provides for salaries of clerks and deputy clerks. It noted the discretionary nature of that statute and stated:

> The statute does not expressly provide any compulsory language for payments exceeding the statutory minimums, nor does it clearly define any amounts exceeding the minimums for which the governing authorities are mandated responsibility. We agree with Pineville that the minimum salaries for the clerk and deputy clerks are clearly mandated; any amounts above the minimums are not statutorily specified. Since a critical element necessary for the issuance of a writ of mandamus is that the public official to whom the writ is directed may exercise no element of discretion when complying with a statute, City Court cannot state a cause of action for the issuance of a writ of mandamus.
>
> ***
>
> Ultimately, we find City Court has failed to show that its petition for mandamus was an appropriate vehicle for its action. The statutory language at issue, and the nature of the demand by City Court, clearly have discretional elements left to the governing authorities.

It also distinguished *McCain v. Grant Par. Police Jury*, *supra*, and noted that in *McCain*, the requested funding was clearly required as statutorily mandated operational expenses.

5

In the case before this court, the Fourth JDC contends in its writ of mandamus that statutes including La. R.S. 13:961, La. R.S. 15:571.11(B), La. R.S. 33:1654, La. R.S. 33:4713 and "other legal authority" obligate and require the Police Jury "to provide for the necessary and reasonable expenses for the effective and efficient operation" of the court. Although some statutes mandate that the Police Jury fund portions of the Fourth JDC's budget, the Fourth JDC's argument that the Police Jury provide for *all* necessary and reasonable expenses of the court does not provide the basis for a writ of mandamus. This demand necessitates the Police Jury to determine amounts owed to the Fourth JDC, which involves the application of discretion. As a writ of mandamus may only be used to compel the performance of ministerial duties and may not be used when any element of discretion is present, the writ of mandamus is not the proper vehicle for the Fourth JDC's demand. We agree with the district court that the Fourth JDC failed to state a cause of action in its petition for writ of mandamus.

Pursuant to La. C.C.P. art. 934, which provides for the removal of the impediment by amendment of the petition, we remand this case to the district court to allow the Fourth JDC the opportunity to amend its petition to state a cause of action.

## CONCLUSION

For the foregoing reasons, we affirm the district court's sustaining of an exception of no cause of action filed by Defendants-Appellees Ouachita Parish Police Jury and Parish of Ouachita. We remand for further proceedings and grant Plaintiffs-Appellants Larry D. Jefferson, Chief Judge of the Fourth Judicial District Court of the State of Louisiana, and the Fourth Judicial District Court of the State of Louisiana the opportunity to amend

6

their petition to state a cause of action.  Costs are assessed to Plaintiffs-Appellants Larry D. Jefferson, Chief Judge of the Fourth Judicial District Court of the State of Louisiana, and the Fourth Judicial District Court of the State of Louisiana in the amount of $130.

**AFFIRMED; REMANDED.**