Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,092-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DERRICK EVERFIELD                                    Plaintiff-Appellant

versus

MADISON PARISH CLERK OF                              Defendant-Appellee
COURT OFFICE, ET AL.

* * * * *

Appealed from the
Sixth Judicial District Court for the
Parish of Madison, Louisiana
Trial Court No. 202483

Honorable Angela Lynn Claxton, Judge

* * * * *

DERRICK EVERFIELD                                    In Proper Person,
                                                     Appellant


BISHOP, PAXTON, CRIGLER,                             Counsel for Appellee
& MOBERLEY, APLC
By: James E. Paxton


* * * * *

Before STONE, HUNTER AND ELLENDER, JJ.

**STONE, J.**

This appeal arises from the Sixth Judicial District Court, the Honorable Angela Claxton presiding. The appellant, Derrick Everfield, ("Everfield"), filed a petition for a writ of mandamus requesting a copy of the minutes showing or recording the grand jury vote for his indictment. The trial court denied Everfield's petition and Everfield appeals asserting three assignments of error. After review, however, we determine that there is only one issue before this court: whether the trial court abused its discretion in denying Everfield's petition for writ of mandamus.

## FACTS

On September 26, 1996, a Madison Parish Grand Jury indicted Everfield, charging him with aggravated kidnapping and other related crimes.[1] He was thereafter convicted of all charges and has since been incarcerated at the Louisiana State Penitentiary serving a life sentence at hard labor without benefits.

In January 2024, nearly 30 years after his indictment and conviction, Everfield requested a copy of his true bill of information revealing the individual vote of the grand jury members. Months later, in May, Everfield filed a petition for a writ of mandamus against the Madison Parish Clerk of Court ("the Clerk") alleging that he had not received a response to his request. However, records indicate that in February 2024, the deputy clerk sent a copy of the following documents:

1. Indictment and all annotations in document No. 78778;

---

[1] In docket No. 78778, Everfield was indicted for first degree murder, aggravated kidnapping, armed robbery, and aggravated burglary of a dwelling.

2. Grand Jury charge that Derrick Everfield committed aggravated kidnapping of Emma Watson, signed by the District Attorney;

3. Report of the Grand Jury of Madison signed by Charlynne Paxton, the foreman, which indicated that a true bill had been returned against Derrick Everfield for the first degree murder of Charlie Weston, aggravated kidnapping of Charlie Weston, and aggravated kidnapping of Emma Watson; and,

4. Minutes of the grand jury report to the Court on September 26, 1996, as certified by Deb Gilbert, Deputy Clerk of Court, approved by the Honorable Judge John D. Crigler.

The Clerk filed an answer to Everfield's petition wherein it acknowledged receipt of his January 2024 request. In further answering — and for a second time — the Clerk attached the documents enumerated above.

The trial court denied Everfield's petition for writ of mandamus, noting that the Clerk provided all the information in the Clerk's care, custody, and control relative to his request. From this decision, Everfield appeals.

## DISCUSSION

In each of his assignments of error, Everfield asserts that the trial court erred in denying his petition for a writ of mandamus, arguing that the Clerk denied him access to his true bill of information and violated his due process and equal protection rights by failing to record the vote count of the grand jury members. Specifically, Everfield alleges that the Clerk erred by failing to record the number of grand juror votes to indict him, and by failing

2

to note how individual members voted (i.e. "yea" or "nay") in the clerk minutes.

In response, the Clerk argues that pursuant to the petition, Everfield was provided all relevant information regarding his indictment as he requested; moreover, that the clerk does not have any other documentation to supplement Everfield's request. Simply put, there is nothing else.

The public's right of access to public records is a fundamental right guaranteed by the Louisiana Constitution. La. Const. art. XII, § 3. That right of access must be liberally construed in favor of free and unrestricted access, which can only be denied when a law specifically and unequivocally provides otherwise. *Pardee v. Connick*, 18-718 (La. App. 5 Cir. 3/15/19), 267 So. 3d 179.

Providing access to public records is the responsibility and duty of the custodian and his employees, who shall present any public record to any person of the age of majority who so requests, except as otherwise provided in the Public Records Law. *See La. R.S. 44:31, 44:32(A).* An individual in custody after sentence following a felony conviction who has exhausted his appellate remedies is permitted access to public records if the request is limited to grounds upon which the individual could file for post-conviction relief under La. C. Cr. P. art. 930.3. La. R.S. 44:31.1. However, nothing in La. R.S. 44:31.1 prevents an inmate from seeking records related to his conviction simply because the period for filing for post-conviction relief has passed. *State ex rel. Leonard v. State*, 96-1889 (La. 6/13/97), 695 So. 2d 1325. Under La. R.S. 44:35(A), a person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a public record may institute proceedings for the issuance of a writ of mandamus, injunctive,

3

or declaratory relief, together with attorney's fees, costs, and damages. *Joseph v. Jefferson Par. Clerk of Court Office*, 23-532 (La. App. 5 Cir. 5/29/24), 390 So. 3d 447, *reh'g denied* (June 17, 2024), *writ denied*, 2024-00911 (La. 10/23/24), 395 So. 3d 252.

A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law to compel the delivery of papers and effects of the office to his successor. La. C. C. P. art. 3863. A writ of mandamus is an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief. *Hoag v. State*, 04-0857, p. 6 (La. 12/01/04), 889 So. 2d 1019, 1023. *Lewis v. Morrell*, 16-1055 (La. App. 4 Cir. 4/5/17), 215 So. 3d 737. An appellate court reviews a district court's judgment denying a writ of mandamus under an abuse of discretion standard. *Lewis v. Morrell*, supra.

It is a long-established policy that the secrecy of grand jury proceedings should be carefully maintained; however, this secrecy is not absolute. *State v. Ross*, 13-175 (La. 3/25/14), 144 So. 3d 932, 937. Louisiana grand jury secrecy laws expressly allow for the disclosure of state grand jury materials in limited situations. *See La. C. Cr. P. arts. 434* and *434.1*. Outside of those situations, a party seeking disclosure of state grand jury materials must show a compelling necessity for the materials. *Ross, supra.*

In this case, the Clerk provided Everfield with all documents relevant to his initial request, and a second time in its answer to the petition. Jurisprudence makes clear that to trigger the right to a mandamus remedy, there must be a failure of a custodian to respond. No such failure occurred here and Everfield has not presented anything to the contrary. The report of

4

the grand jury signed by the foreman, which indicated that a true bill had been returned against him for his criminal case, was included in the documents provided to Everfield. There is no provision or exception in the law that *requires* individual grand jurors to be named — or their votes to be specified — for the purpose of identifying a true bill of information. All that is required is that the record reflect that a quorum was present and that a true bill was signed and filed by the grand jury foreman. Everfield's indictment was certified, signed, and approved by all the appropriate parties, thereby showing legitimacy of his true bill of information as required by law. Everfield's arguments are without merit.

Based on our review, we find no abuse of the trial court's discretion in denying Everfield's petition for a writ of mandamus.

## CONCLUSION

For the aforementioned reasons, the trial court judgment is **AFFIRMED,** with costs assessed to Everfield in accordance with *La. C. C. P. arts. 5186 and 5186.*