STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2025 CA 0925

DONALD R. JOHNSON, VERONICA JONES, DELE A.
ADEBAMIJI, AND VERNON W. THOMAS

VERSUS

THE HONORABLE NANCY LANDRY, IN HER OFFICIAL
CAPACITY AS LOUISIANA SECRETARY OF STATE AND STEVE
RABORN, IN HIS OFFICIAL CAPACITY AS EAST BATON
ROUGE PARISH REGISTRAR OF VOTERS

Judgment Rendered: **SEP 2 4 2025**

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. C767107

The Honorable Jewel E. "Duke" Welch, Jr., Judge Presiding[1]

\* \* \* \* \*

| | |
|---|---|
| Karl J. Koch<br>Baton Rouge, Louisiana | Attorney for Plaintiffs/Appellants,<br>Donald R. Johnson, Veronica Jones,<br>Dele A. Adebamiji, and Vernon W.<br>Thomas |
| Liz Murrill<br>Attorney General<br>Hunter N. Farrar<br>Carey T. Jones<br>David Jeddie Smith, Jr.<br>Assistant Attorneys General<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee,<br>Steve Raborn, in his official capacity<br>as East Baton Rouge Parish Registrar<br>of Voters |
| Celia R. Cangelosi<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellee,<br>Nancy Landry, in her official capacity<br>as Louisiana Secretary of State |

BEFORE: LANIER, WOLFE, and HESTER, JJ.

---

[1] Judge Jewel E. "Duke" Welch, Jr., retired, serving *ad hoc*.

**WOLFE, J.**

Plaintiffs/appellants, Donald R. Johnson, Veronica Jones, Dele A. Adebamiji, and Vernon W. Thomas (collectively, "plaintiffs"), appeal a portion of the district court's September 15, 2025 judgment, which denied their petition for a writ of mandamus filed against defendants/appellees, Nancy Landry, in her official capacity as Louisiana Secretary of State, and Steve Raborn, in his official capacity as East Baton Rouge Parish Registrar of Voters (collectively, "defendants"), regarding an upcoming special election for a judicial vacancy. For the following reasons, we affirm the district court's denial of plaintiffs' petition for a writ of mandamus.[2]

## FACTS AND PROCEDURAL HISTORY

On February 28, 2025, in accordance with Louisiana Revised Statutes 18:621(A)(2),[3] Governor Jeff Landry, through proclamation number 22 JML 2025, ordered a special election to fill the judicial vacancy left by Judge Wilson E. Fields, whose term as Nineteenth Judicial District Court judge had not expired. In particular, Governor Landry's proclamation stated that, "[a] special primary and general election for the unexpired term shall be held throughout the jurisdiction of District Judge, 19th Judicial District Court, Election Section 1, Division O, Parish of East Baton Rouge, for the purpose of electing a judge to fill the vacancy in the office." Governor Landry's proclamation set a primary election for October 11,

---

[2] We note that defendants filed peremptory exceptions raising the objection of no cause of action against plaintiffs, which were likewise considered by the district court, subsequently denied, and incorporated into the September 15, 2025 signed judgment. While interlocutory rulings may be reviewed in connection with an unrestricted appeal, we pretermit any discussion on this issue, as plaintiffs have not assigned this ruling as error, and defendants have neither raised this issue in their briefs nor answered the appeal to address this ruling. Accordingly, our review is limited to the district court's denial of plaintiffs' petition for a writ of mandamus.

[3] Louisiana Revised Statutes 18:621(A)(2) provides, in pertinent part, that "[i]f more than twelve months of the term remain unexpired, then within ten days after being notified of the vacancy, the governor shall determine the dates on which the special elections to fill the vacancy shall be held and the dates of the qualifying period and shall issue his proclamation ordering a special election and specifying the dates on which the primary and general elections will be held and the dates of the qualifying period for the election."

2025 and a general election for November 15, 2025. Candidate qualifying was to occur between July 9, 2025 and July 11, 2025.

In the meantime, on June 11, 2025, Governor Landry signed 2025 La. Acts, No. 243 ("Act 243") which, among other matters, modified the election boundaries for Election Section 1, Division O, within East Baton Rouge Parish. Additionally, Act 243, Section 2, stated that, "Section 5(E) of Act No. 145 of the 1994 Third Extraordinary Session of the Legislature of Louisiana is hereby repealed[,]" which thereby removed the then-existing Election Section 1 within the Nineteenth Judicial District. As a result of Act 243's voting boundary shifting, plaintiffs allege that 1,781 registered voters in two precincts – Ward 1 Precinct 8 and Ward 1 Precinct 40 – were "disenfranchised" by their removal from the "old" Election Section 1, and into the "new" Election Section 1. Additionally, because Act 243 became effective upon Governor Landry's signature, which occurred prior to candidate qualification, any candidate seeking election for the judicial vacancy qualified within the "new" Election Section 1 boundaries.

On August 18, 2025, plaintiffs filed a Petition for Writ of Mandamus to Compel Compliance with Proclamation Mandate, and specifically sought an "[o]rder … to conduct the special primary and general elections for the office of District Court Judge of the 19th Judicial District Court, Division O, in compliance with the terms of Proclamation 22 JML 2025 issued by Louisiana Governor Landry on February 28, 2025, and specifically including only the voting precincts that are located within the boundaries of Election Section 1 as it existed on February 28, 2025[.]" The matter came for hearing on September 9, 2025, where the district court stated, concerning the nature of the litigation, "…to be honest with you, I'm not asked to issue a declaratory judgment nor determine whether Act 243 is constitutional or not. I'm asked to decide if the mandamus is appropriate in this case."

3

On September 15, 2025, the district court signed a judgment denying plaintiffs' petition for a writ of mandamus. Plaintiffs filed their motion for appeal, pursuant to La. R.S. 18:66(B)[4] on September 12, 2025, which was granted on September 15, 2025. Plaintiffs' appeal was lodged on September 16, 2025, and the case was set for oral argument on September 23, 2025.

## DISCUSSION

Louisiana Code of Civil Procedure article 3863 provides that "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law ... ." The Louisiana Supreme Court has explained that mandamus "is an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief." **Texas Brine Co., LLC v. Naquin**, 2019-1503 (La. 1/31/20), 340 So.3d 720, 725, cert. denied, 141 S.Ct. 846, 208 L.Ed.2d 422(2020), *quoting*, **Hoag v. State**, 2004-0857 (La. 12/1/04), 889 So.2d 1019, 1023. It is well settled that the only circumstances under which courts may cause a writ of mandamus to issue is where the actions sought to be performed are purely ministerial in nature. **Id.**

Mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed. It is never used in doubtful cases. **Texas Brine**, 340 So.3d at 725. In mandamus proceedings against a public officer involving the performance of an official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty they are charged to perform. **Id.** at 726. "A 'ministerial duty' is one 'in which no element of discretion is left to the public officer,' in other words, 'a simple definite duty, arising under conditions admitted or proved to exist, and imposed by law.'"

---

[4] Louisiana Revised Statutes 18:66(B)(1) states, "[a]n appeal shall be filed in the appropriate appellate court not later than the fifth day after the judgment is rendered and shall be tried on the original records and by preference over all other cases. The appellate court shall render its decision within twenty-four hours after submission."

4

**Lowther v. Town of Bastrop**, 2020-01231 (La. 5/13/21), 320 So.3d 369, 371, *quoting*, **Hoag**, 889 So.2d at 1024. Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. The remedy is not available to command the performance of an act that contains any element of discretion, however slight. **Fire Protection Dist. Six v. City of Baton Rouge Dept. of Public Works**, 2003-1205 (La. App. 1st Cir. 12/31/03), 868 So.2d 770, 772, writ denied, 2004-0299 (La. 4/8/04), 870 So.2d 270.

Generally, an appellate court reviews a district court's judgment on a writ of mandamus under an abuse of discretion standard. In contrast, a district court's findings of fact in a mandamus proceeding are subject to a manifest error standard of review. However, questions of law, such as the proper interpretation of a statute, are reviewed by appellate courts under the *de novo* standard of review, and the appellate court is not required to give deference to the lower court in interpreting a statute. **City of Baton Rouge v. Louisiana East First Jurisdiction COGIC**, 2024-1200 (La. App. 1st Cir. 7/11/25), ___ So.3d ___, ___ 2025 WL 1913582, *4; see also **Zillow, Inc. v. Gardner**, 2021-1172 (La. App. 1st Cir. 4/8/22), 341 So.3d 765, 769.

Louisiana Revised Statutes 18:58(B)(2) provides that, "[t]he registrar shall assign voters in the state voter registration computer system according to each voting district in the parish from which an election is to be conducted." Further, La. R.S. 18:66(A) states that "the duties of the registrar [of voters] are ministerial in character[.]" Upon Governor Landry's signature, Act 243 became effective and, therefore, changed the boundaries of Election Section 1, Division O. Furthermore, Section 2 of Act 243 repealed the former election district boundaries for this judicial office. Therefore, we find that the district court's denial of plaintiffs' petition for a writ of mandamus was appropriate, as the Registrar of Voters indeed complied with and performed the *only* ministerial duty available to it: assigning voters within the

5

state's voter registration computer system to vote in the *only* available election section for Division O. See La. R.S. 15:85(B)(2). Moreover, plaintiffs have not identified any specific statutory ministerial duty requiring performance by the Secretary of State. Additionally, the boundaries of Election Section 1 at the time of Governor Landry's proclamation of February 28, 2025 no longer existed when the candidates qualified; therefore, the plaintiffs' request would require the defendants to choose those boundaries to conduct the election, constituting a discretionary, rather than ministerial, act. Again, we find that the district court did not err in denying plaintiffs' petition for a writ of mandamus.

## CONCLUSION

For the foregoing reasons, the portion of the district court's September 15, 2025 judgment, denying plaintiffs/appellants, Donald R. Johnson, Veronica Jones, Dele A. Adebamiji, and Vernon W. Thomas's Petition for Writ of Mandamus to Compel Compliance with Proclamation Mandate, filed against defendants/appellees, Nancy Landry, in her official capacity as Louisiana Secretary of State, and Steve Raborn, in his official capacity as East Baton Rouge Parish Registrar of Voters, is affirmed. Costs of this appeal are assessed against plaintiffs/appellants.

**AFFIRMED.**

6