# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-739


ZILLOW, INC.

VERSUS

MATT TAYLOR, AS CATAHOULA TAX

ASSESSOR


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 30,121 "A"
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Sharon Darville Wilson, Judges.


**AFFIRMED.**

**Scott L. Sternberg**
**M. Suzanne Montero**
**Michael S. Finkelstein**
**Graham Williams**
**Sternberg, Naccari & White, LLC**
**935 Gravier Street, Suite 2020**
**New Orleans, LA 70112**
**(504) 324-1887**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Zillow, Inc.**

**Brian A. Eddington**
**Attorney at Law**
**3060 Valley Creek Drive, Suite A**
**Baton Rouge, LA 70808**
**(225) 924-4066**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Matt Taylor, as Catahoula Parish Tax Assessor**

**GREMILLION, Judge.**

Plaintiff, Zillow, Inc., appeals the trial court's judgment denying it a writ of mandamus to force Matt Taylor, the Catahoula Parish Tax Assessor, to comply with Zillow's Louisiana Public Records request for the Catahoula Parish assessment records "in native format," i.e., the format in which those records are transmitted to the Louisiana Tax Commission. For the reasons that follow, we affirm.

## FACTS

On February 1, 2021, Zillow filed a petition for writ of mandamus naming as defendant Matt Taylor, the Catahoula Parish Tax Assessor. That petition alleged that Zillow contacted the assessor's office on January 7, 2020, to request an electronic copy of the parish assessment records, including the ownership, values, and property characteristics of all parcels in the parish. The petition further alleges that the assessor indicated that Zillow would have to pay $5,000.00 "for the right to purchase the file from Software and Services, which would then, in turn, charge its own additional fee to provide the public records at issue in this litigation."

According to the petition, Zillow contacted Mr. Taylor to inquire about the nature of the $5,000.00 charge. The petition alleges that Mr. Taylor indicated that he was going to charge Zillow the same amount he charges municipalities for the same data, despite the fact that Zillow had purchased the data in the past for $1,000.00. Zillow asserts that $5,000.00 is unreasonable and that Mr. Taylor has violated the Louisiana Public Records Law, La.R.S. 44:1-67.2.

Trial of Zillow's mandamus petition was held on March 25, 2021. The only witness to testify was Mr. Taylor. The following summarizes his testimony.

Mr. Taylor had been the Catahoula Parish Assessor for eight years at the time of trial. The entire time he has been assessor, Mr. Taylor's office has utilized software to create the assessment rolls. The current vendor for the software his office

uses is Software & Services, LLC (S&S). S&S charges his office about $5,000.00 a year for the license to its Assessor Information Systems software. About half the assessors in Louisiana utilize S&S's software.

S&S delivers the data to the Catahoula Parish Sheriff and the State tax commission. Mr. Taylor denies that he possesses the capability to generate a database of the "native data" that Zillow has requested; indeed, he denies that he even has custody or control over the raw data. Mr. Taylor has to authorize S&S to deliver the information to a third party such as Zillow but cannot compel it to. Mr. Taylor does not know what fee S&S charges such a third party.

Mr. Taylor based the $5,000.00 charge on La.R.S. 47:1993.1, which requires parish assessors to list all taxable property in the state for subdivisions that receive ad valorem taxes and prepare assessment rolls in triplicate for transmission to the parish tax collector and the Louisiana Tax Commission and which allows the assessor to charge those subdivisions a fee of one dollar per listing for the first 5,000.00.

A number of exhibits were introduced, including emails between Zillow and Mr. Taylor. The exhibits reveal that the controversy began when Lori Endo-Escandon, Zillow's Source Acquisition Coordinator, emailed Mr. Taylor on January 7, 2020, to confirm that Mr. Taylor's fee for Zillow acquiring the information from S&S was $1,000.00. On January 9, 2020, Mr. Taylor replied and indicated that the fee would be $5,000.00. Ms. Endo-Escandon replied expressing her curiosity over the fee increase in light of the previous years' transactions. Mr. Taylor replied that he "increased the cost due to the amount of work that goes into creating the data."

Ms. Sue Noto, Source Acquisition Strategist with Zillow, emailed Mr. Taylor on January 10, 2020, indicating that Zillow had been willing to pay an acquisition fee in the past to be allowed to work with S&S, even though Zillow did not believe

there was a legal basis for the charge, but that Zillow was questioning a five-fold increase in this acquisition fee. She asked that Mr. Taylor support the increase with an accounting and the statutory basis for the charge.

Mr. Taylor elaborated in a January 14, 2020, email that he is entitled to charge municipalities $1.00 per listing up to the first 5,000 listings, and $0.50 per listing thereafter. His inclination was to charge companies looking for the same data on that same basis but capped at $5,000.00. Mr. Taylor stated that he understood that this practice was being employed by other assessors as well.

Immediately, the exchange transitioned from that between Mr. Taylor and Zillow personnel to that between their respective lawyers. The attorneys could not agree whether the "native data" Zillow requested is a public record. In June 2020, counsel for Mr. Taylor indicated that he would provide Zillow the assessment rolls on a CD for $25.00. Immediately after receiving the disc, Zillow responded that it was seeking the "native data." When no agreement could be reached, Zillow filed suit.

Following trial, the matter was taken under advisement. Reasons for judgment were issued on April 27, 2021, in which the trial court found for the assessor. The trial court noted that mandamus is an extraordinary remedy used to compel an official to perform a definite duty imposed by law. The trial court found that the "native format" data is not a public document, and the assessor is not required by the Public Records Law to create documents in a particular format. Mr. Taylor did not have the capability to produce the "native data."

Judgment in Mr. Taylor's favor was signed on May 14, 2021. This appeal followed.

## ASSIGNMENTS OF ERROR

Zillow assigns the following as error:

3

1. The trial court erred in dismissing Zillow's petition for Writ of Mandamus.

2. The trial court erred in holding that the assessment database Zillow requested is not a public document, and that the Assessor does not have the ability to produce the document in its requested or native format.

3. The trial court erred in its interpretation of the Louisiana Public Records Law and in placing the burden of proof on Zillow.

4. The trial court erred in finding that the Assessor met his duties under the Public Records Act by producing a document that was not the one sought by the requestor.

5. The trial court erred in failing to award attorneys' fees and costs to Zillow.

## ANALYSIS

The denial of a writ of mandamus is reviewed by the court of appeal applying an abuse of discretion standard. *Stevens Constr. & Design, L.L.C. v. St. Tammany Fire Prot. Dist. No. 1*, 19-955 (La.App. 1 Cir. 7/8/20), 308 So.3d 724, *writ denied*, 20-990 (La. 11/4/20), 303 So.3d 652. The trial court's findings of fact in a mandamus action are reviewed for manifest error. *Hess v. M & C Ins., Inc.*, 14-962, (La.App. 3 Cir. 2/11/15), 157 So.3d 1200. Under a manifest error standard of review, this court can only reverse if it finds, based on the entire record, that there is no reasonable factual basis for the conclusions and that the fact finder is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993).

Questions of law, such as the proper interpretation of a statute, are reviewed by appellate courts under the de novo standard of review, and the appellate court is not required to give deference to the lower court in interpreting a statute. *Thibodeaux v. Donnell*, 08-2436 (La. 5/5/09), 9 So.3d 120.

"Mandamus is a writ directing a public officer, a corporation or an officer thereof, or a limited liability company or a member or manager thereof, to perform

4

any of the duties set forth in Articles 3863 and 3864."[1]  La.Code Civ.P. art. 3861.

Louisiana Code of Civil Procedure Article 3863 provides for mandamus to compel

a public officer to perform a ministerial duty.

> "A ministerial duty is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." *Hoag v. State*, 04-857, p. 7 (La. 12/1/04), 889 So.2d 1019, 1024.  The critical element necessary for the issuance of mandamus is that "the public official to whom the writ is directed may exercise no element of discretion when complying." *Id.* at 1024.  "If a public officer is vested with any element of discretion, mandamus will not lie." *Id.* at 1024.
>
> Additionally, Louisiana's public records law provides for its own mandamus remedy in La.R.S. 44:35(A), which states:
>
>> A. Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.

*Zillow, Inc. v. Bealer*, 21-545, pp. 6-7 (La.App. 3 Cir. 2/2/22), ___ So.3d ___, ___.[2]

Access to public records is a right guaranteed by the Louisiana Constitution.

La.Const. art. XII, § 3.  Any adult may inspect, copy, or reproduce a public record.

La.R.S. 44:31(B)(1).  The custodian of the record bears the burden of proving that a

record is not subject to the aforementioned right.  La.R.S. 44:31(B)(3).

> All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary

---

[1]  Louisiana Code of Civil Procedure Article 3864 governs mandamus actions against a corporation or corporate officer or a limited liability company or member or manager thereof, and, as such does not apply to this case.

[2] This case may be found at 2022 WL 302587.

5

materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.

La.R.S. 44:1(A)(2)(a).

The Public Records Law is to be liberally construed "in favor of free and unrestricted access to public documents." *Shane v. Par. of Jefferson*, 14-2225, p. 9 (La. 12/8/15), 209 So.3d 726, 735. However, "the request for production of information cannot be so burdensome as to interfere with the operation of the custodian's constitutional and legal duties." *Williams Law Firm v. Bd. of Sup'rs of Louisiana State Univ.*, 03-79, p. 6 (La.App. 1 Cir. 4/2/04), 878 So.2d 557, 563. "The custodian need only produce or make available for copying, reproduction, or inspection the existing records containing the requested information, and is not required to create new documents in the format requested." *Id.* at 563.

In *Bealer*—a case decided by a panel of this court that included two members of the panel in this matter—we held that the Vernon Parish Assessor, who uses S&S's services as well, did not violate the public records law when he refused to authorize S&S to provide Zillow with native data. The assessor had supplied Zillow with files similar to Mr. Taylor. When Zillow deemed those files inadequate, the Vernon Parish Assessor refunded Zillow's fee entirely. When Zillow requested that the assessor authorize S&S to provide it with the native data, he refused on the grounds that at least some of the data held by S&S is specifically exempted from disclosure pursuant to La.R.S. 47:2327.

6

We agree with Zillow that the burden of proving that requested documents or data rests with the assessor pursuant to La.R.S. 44:31(B)(3).  But the only evidence adduced at trial was the correspondence and the testimony of Mr. Taylor.  As with any other adversarial proceeding, evidence needs to be adduced to support a position, and to refute the position.  Zillow's argument rests on an inference that if the assessor can produce an image of a text—a .pdf file— then he can also produce the underlying text.  The flaw in its argument is that direct testimony indicated that Mr. Taylor does *not* have access to the native data.  We find that a reasonable basis exists in the record from the trial court to find that Mr. Taylor does not have custody or control over the data.  On that basis, we cannot reverse the trial court.

In its third assignment of error, Zillow argues that the trial court conflated the burden of proof.  However, we note that the trial on Zillow's petition opened with Mr. Taylor's counsel presenting evidence and questioning Mr. Taylor.  Ordinarily a trial begins with the party who bears the burden of proof presenting his evidence.  Nothing in the written reasons issued by the trial court indicates a conflation of the burden of proof.  We find no merit to Zillow's third assignment of error.

Zillow's fourth assignment of error asserts that the trial court erred in finding that the Assessor met his duties under the Public Records Act by producing a document that was not the one sought by the requestor.  We disagree.  The records request sought an electronic copy of the parish assessment records, including the ownership, values, and property characteristics of all parcels in the parish.  Mr. Taylor delivered the records in .pdf format.  The dispute here does not involve the records; Zillow takes issue with the format in which the records were delivered.  We have already noted that the public records law only requires that the custodian make records available for inspection, reproduction, or copying.  *Williams Law Firm*, 878 So.2d 557.  Production of the information is mandated, not the format.  If the

custodian does not possess records in a given format, he cannot be compelled to produce them.

Affirming the trial court's judgment with regard to Zillow's first four assignments of error obviates any discussion of its fifth assignment of error.

## CONCLUSION

The burden of proving that a requested record is not a public record rests with the public official alleged to be its custodian. However, when the only evidence in the record demonstrates that the official is, in fact, not in custody of the record, and the trial court finds that he is not in custody of the record, this court is prohibited from reversing by the manifest error rule. In this matter, the assessor testified that he does not maintain the requested "native data," no evidence refuted that evidence, and the trial court accepted the evidence as truth.

The judgment of the trial court is affirmed. All costs of this matter are taxed to plaintiff/appellant, Zillow, Inc.

**AFFIRMED.**