JiJUDICIAL DISCIPLINARY PROCEEDING
PER CURIAM *.
Petitioner’s Motion to Seal is denied.
*901 As a general rule, pleadings filed in this Court are public records and are not subject to being sealed. The Judiciary Commission is a constitutionally created body that is specifically charged under Art. V, § 25, La. Const, of 1974 with making recommendations to this Court of discipline for acts of judicial misconduct. While proceedings before the Commission are confidential, neither the Constitution nor our internal rules provide for sealing the Judiciary Commission’s filings in this Court or for controlling the timing of such filings.
The Judiciary Commission’s filing in this case recommends that the respondent judge be disciplined. However, this Court has the authority to decide if discipline is warranted, and such a decision will only be made after the respondent judge is given the opportunity to file appropriate pleadings and participate in oral argument in his defense.
The Court seriously considered sealing the Judiciary Commission’s filing in this case until this Court acts on the Commission’s recommendation, for several reasons. First, the recommended discipline of censure is the least severe discipline this Court can administer. Second, this is the only instance, of which we are aware, where the sole charge brought in this Court by the Judiciary Commission is that the judge used the prestige of his office for the benefit of another by addressing a letter of recommendation on court stationery.[1] However, in a case such as |2this one, the Judiciary Commission’s status as a constitutional body and the public’s right to access public records outweigh these concerns.
LEMMON, J., dissents from the denial of the motion to seal and assigns reasons.
WATSON, J., dissents.

 Johnson, J. not on panel. Rule IV, Part II, Sec. 3.

. At the time of the charged offense and when this charge was brought, the applicable Canon of the Code of Judicial Conduct read as follows, "A judge should not lend the prestige of judicial office to advance the private interest of oth-ers_" La.Code of Judicial Conduct Canon 2(B) (West Supp.1993) (amended 1996).
The Canon has since been revised and supplemented. Under the revised Canon, a judge is now specifically prohibited from (1) using the prestige of his judicial office to advance another’s interest, (2) initiating any communication of information in any court or disciplinary proceeding, or (3) providing a written reference or letter of recommendation on stationary that contains any official designation of the court. Resolution of July 3, 1996 of Louisiana Supreme Court (to be codified as amended at La.Code of Judicial Conduct Canon 2(B)) (effective July 8, 1996). Note, however, that, under the revised Canon, a judge may provide a written reference or a letter of recommendation on private stationary and a judge may also provide information for the record, regarding a court or disciplinary proceeding, in response to a formal request by a court or disciplinary agency official. Id.