PER CURIAM.
11 This matter arises from divorce and child custody proceedings. At some point, the parties filed a “Joint Motion to Seal the Record.” The trial court, apparently treating the joint motion as a motion for protective order pursuant to La. Code Civ. P. art. 1426, granted a protective order and sealed the entire record.
The instant dispute arose when the Times-Picayune newspaper attempted to review the record. The court advised the Times-Picayune that the record was sealed and refused to disclose any information regarding the case other than the suit number, date of filing, type of action and the caption. Further, the court denied the Times-Picayune access to the order sealing the record as well as any pleadings considered in connection with the sealing.
Subsequently, the Times-Picayune sought to intervene in the suit to challenge the court’s blanket sealing of the case. The trial court denied the request to intervene and further indicated that it would not unseal the record.
From this ruling, the Times-Picayune applied for supervisory writs. The court of appeal denied the writ, stating, “[o]n the showing made, we find no error.” This application followed.
La.Code Civ. P. art. 1426 grants the trial court authority to “make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ....” In its reasons for judgment in the instant case, the trial court indicated its order was intended to protect the parties’ | ¡.minor children from embarrassment which might result if information about these proceedings became public.
Nonetheless, the authority granted to the court under La.Code Civ. P. art. 1426 is tempered by La. Const. Art. I, § 22, which requires all courts to be open. Citing that article, we recognized there is “a strong societal interest in public trials.” State v. Birdsong, 422 So.2d 1135 (La.1982). Likewise, we have held the public has a constitutional right of access to court records. See Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984).
Considering the strong constitutional bias in favor of open access by the public to court proceedings, we find the trial court’s blanket order sealing the entire record in this case to be overbroad. Although there may be some justification for sealing certain sensitive evidence in a proceeding, the parties have the burden of making a specific showing that their privacy interests outweigh the public’s constitutional right of access to the record. The trial court, should it grant such relief, must ensure that its order is narrowly tailored to cause the least interference possible with the right of public access.
Accordingly, the writ is granted. The judgment of the trial court sealing the entire record is vacated and set aside. The case is remanded to the trial court to conduct a new hearing on the parties’ motion to seal consistent with the reasoning expressed in this opinion.