PER CURIAM.*
11 This matter arises from a pending disciplinary proceeding against respondent arising in part from her actions in a domestic relations case.[1] In connection with the hearing in this matter, the hearing committee, upon joint motion of the parties, issued a protective order to seal the reports of certain experts in the domestic suit. The protective order was subsequently deemed to include the entire hearing transcript, all of the exhibits introduced by the parties, and a significant portion of the report issued by the hearing committee.[2] Warren Treme, a non-party to the disciplinary proceeding but a party to the underlying domestic matter, now seeks review of the protective order, arguing it is overbroad and unduly impedes the public’s access to the record. In the exercise of our original jurisdiction over bar discipline matters, we ordered the disci-plinaiy board to file a response to Mr. Treme’s pleading and directed that the disputed portions of the record be filed under seal in this court for in camera review.
DISCUSSION
Supreme Court Rule XIX, § 16(B) provides that upon the filing and service of formal charges, as in the instant case, “the proceeding is public.” However, Supreme Court Rule XIX, § 16(C) provides that “[i]n order to protect the interests 12of a complainant, witness, third party, or respondent, the hearing committee to which a matter is assigned may, upon application of any person and for good cause shown, issue a protective order prohibiting the *1031 disclosure of specific information otherwise privileged or confidential and direct that the proceedings be conducted so as to implement the order, including requiring that the hearing be conducted in such a way as to preserve the confidentiality of the information that is the subject of the application.”
Viewing these two provisions together, it is obvious that there is some tension between the desire for public disciplinary proceedings and the need to keep certain sensitive information confidential. This court has never addressed that delicate balance in the context of a disciplinary proceeding. However, our opinions in other contexts have emphasized the importance of narrowly tailoring the protective order to ensure that the impact of public access is minimized. See Copeland v. Copeland, 07-0177 (La.10/16/07), 966 So.2d 1040 (holding that the entire record of a custody matter must be unsealed, with only very limited and specific information redacted for the safety and protection of the parties’ minor children); Copeland v. Copeland, 06-1023 (La.6/2/06), 930 So.2d 940 (holding that a court entering a protective order “must ensure that its order is narrowly tailored to cause the least interference possible with the right of public access”); see also State v. Birdsong, 422 So.2d 1135 (La.l982)(explaining that there “is a strong societal interest in public trials”).
Applying this reasoning to the instant case, we find the protective order entered by the hearing committee (and enlarged by the disciplinary board) is over-broad. While there is justification for sealing certain portions of the record directly addressing sensitive information in the underlying domestic proceeding, our in camera review reveals that the protective order in this matter seals large portions of the record which have little relation to this sensitive information. We | sfind the privacy interests of the parties to the domestic proceeding can be protected in a less restrictive manner which will not unduly impede the public’s access to the record. Accordingly, we hereby order that the record of these proceedings shall be unsealed, with the exception of the reports of the reunification counselor and the court-appointed custodial evaluator in the domestic suit. Any references to the reports in the recommendations prepared by the hearing committee and the disciplinary board, or in the transcripts, pleadings, and exhibits, shall remain unsealed.
DECREE
For the reasons assigned, the protective order issued in this matter is maintained insofar as it seals the reports of the reunification counselor and the court-appointed custodial evaluator in the domestic suit. In all other respects, the protective order is vacated.

 Chief Justice Kimball not participating in the opinion.

. The hearing committee has recommended that the formal charges against respondent be dismissed. The matter is currently under review by the disciplinary board.

. On March 1, 2012, the disciplinary board further enlarged the protective order to include numerous pages (or portions of pages) of the pre-hearing memoranda filed by respondent and the ODC.