MARK P. GLAGO            *       NO. 2024-C-0295

VERSUS                *

STACY P. GLAGO           *      COURT OF APPEAL

                                FOURTH CIRCUIT

                      *

                                STATE OF LOUISIANA

               * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-08093, DIVISION "H"
HONORABLE Lakeisha N. Jefferson,
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott)

Steven J. Lane
Jennifer J. Greene
BEY AND ASSOCIATES, LLC
650 Poydras Street, Suite 2610
New Orleans, Louisiana 70130

Theon Wilson
1100 Poydras Street, Suite 1160
New Orleans, Louisiana 70163

       COUNSEL FOR PLAINTIFF/RESPONDENT

Frank P. Tranchina, Jr.
James E. Moorman, III
Leslie A. Bonin
TRANCHINA LAW FIRM
321 East Kirkland Street
Covington, Louisiana 70443

       COUNSEL FOR DEFENDANT/RELATOR

                     **WRIT GRANTED;**
                     **JUDGMENT VACATED;**
                     **REMANDED**
                     **JUNE 12, 2024**

Relator/defendant Stacy Glago seeks review of the trial court's April 25, 2024 judgment denying her Motion to Unseal the Record/Motion to Vacate August 14, 2023 Order Sealing the Entire Record. For the foregoing reasons, we grant the writ application, vacate the trial court's judgment sealing the record and remand the matter to the trial court for a contradictory hearing consistent with *Copeland v. Copeland*, 2006-1023 (La. 6/2/06), 930 So.2d 940 (*Copeland I*) and *Copeland v. Copeland*, 2007-0177 (La. 10/16/07), 966 So.2d 1040 (*Copeland II*).

The parties were married on July 23, 2011, and thereafter established their matrimonial domicile in Orleans Parish. Plaintiff Mark Glago filed a petition for divorce on August 14, 2023. Included with the petition for divorce was a motion to seal the record. The trial court granted the motion to seal on August 14, 2023. Defendant Stacy Glago, in an August 25, 2023 Affidavit of Acceptance of Service, accepted the petition of divorce, waiving notice and legal delays, amongst other things. She also filed an answer and reconventional demand on the same date. Stacy Glago subsequently filed a motion to unseal the record on February 23, 2024. The motion was heard on April 18, 2024, and the trial court rendered judgment on April 25, 2024, denying the motion to unseal the record.

1

Relator, Stacy Glago, argues that her rights to due process were violated when the trial court granted Respondent, Mark Glago's, motion to seal the record *ex parte*. Ms. Glago asserts that sealing the record violates La. Const. Art. I, §22 (requiring open courts) and La. Const. Art. XII, §3 (right to observe public body deliberations), and that, under Louisiana jurisprudence, public records generally are not subject to being sealed. Ms. Glago relies upon the Louisiana Supreme Court's decision in *Copeland II* and subsequent jurisprudence.

Mr. Glago opposes the motion to unseal, suggesting that *Copeland II* is inapposite to this case because his clients' privacy interests outweigh the public's right to access the courts, citing Rule 1.6 of the Louisiana Rules of Professional Conduct[1]. He also suggests that his contractual and fiduciary obligations to his business partners to maintain confidentiality in their shared cases outweighs the public's right to access the courts.

A review of the transcript of the hearing conducted on the motion to unseal reveals that the trial court did not consider these issues, but determined that Ms. Glago could not seek review of the prior order sealing the record through a motion to unseal. The trial court stated that Ms. Glago was using the wrong procedural method to seek review of the *ex parte* grant of Mr. Glago's motion to seal. Notably, no testimony or evidence was presented at the hearing; only argument of counsel was provided.

---

[1] Rule 1.6 provides, in pertinent part:

    (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

Initially, it must be noted that the trial court committed legal error in determining that Ms. Glago could not proceed with a motion to unseal the record. The trial court's *ex parte* judgment granting the motion to seal the judgment was an interlocutory ruling, which can be revisited at any time by the trial court. La. C.C.P. article 1915(B)(2); *Koerner v. Certain Underwriters at Lloyd's London*, 2024-00134 (La. 3/19/24), 381 So.3d 702. Ms. Glago was not limited to filing an application for supervisory writs from the original ruling, or filing a motion for reconsideration within a certain period of time.

A trial court's judgment on a motion to seal the record is subject to an abuse of discretion review. *Copeland II, supra; Patterson v. Charles*, 2019-0333 (La. App. 4 Cir. 9/11/19), 282 So.3d 1075. In the present case, the trial court committed legal error in failing to conduct a contradictory evidentiary hearing as required in *Copeland I* and *Copeland II*. Because the trial court committed legal error, review by this Court is *de novo*. *Succession of Robiho*, 2019-0858, (La. App. 4 Cir. 12/30/20), 312 So.3d 673.

The Louisiana Supreme Court discussed, in great detail, motions to seal the record in light of this state's constitutional provisions that provided for open courts, in the *Copeland v. Copeland* cases. In *Copeland I*, the Supreme Court, in a per curiam opinion, considered the trial court's judgment that granted the parties' joint motion to seal the record and sealed the entire record. The trial court denied the Times-Picayune's motion to intervene and unseal the record. The Supreme Court vacated the trial court's judgment sealing the record and remanded for a hearing on the motion to unseal, stating:

> La.Code Civ. P. art. 1426 grants the trial court authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." In its reasons

for judgment in the instant case, the trial court indicated its order was intended to protect the parties' minor children from embarrassment which might result if information about these proceedings became public.

Nonetheless, the authority granted to the court under La.Code Civ. P. art. 1426 is tempered by La. Const. Art. I, § 22, which requires all courts to be open. Citing that article, we recognized there is "a strong societal interest in public trials." *State v. Birdsong,* 422 So.2d 1135 (La.1982). Likewise, we have held the public has a constitutional right of access to court records. *See Title Research Corp. v. Rausch,* 450 So.2d 933 (La.1984).

Considering the strong constitutional bias in favor of open access by the public to court proceedings, we find the trial court's blanket order sealing the entire record in this case to be overbroad. Although there may be some justification for sealing certain sensitive evidence in a proceeding, the parties have the burden of making a specific showing that their privacy interests outweigh the public's constitutional right of access to the record. The trial court, should it grant such relief, must ensure that its order is narrowly tailored to cause the least interference possible with the right of public access.

*Copeland*, 2006-1023, pp. 1-2, 930 So.2d at 941.

Upon remand, the trial court conducted a hearing and sealed substantive pleadings concerning the parties' children. The Times-Picayune sought supervisory review again of the trial court's judgment and this Court's denial of supervisory writs. The Supreme Court granted writs, found that the trial court's sealing of the substantive pleadings was not narrowly tailored and too broad, and rendered judgment unsealing the entire record. The Supreme Court found that the children could be protected by a redaction of certain information concerning their schools and the location of the family home. *Copeland*, 2007-0177, p. 12, 966 So.2d at 1048.

In so holding, the Court discussed the constitutional provision mandating open courts:

Although there is no express federal constitutional provision providing for access to judicial records and proceedings, as early as 1947, the United States Supreme Court held that "a trial is a public event [and][w]hat transpires in the court room is public property." *Craig v. Harney,* 331 U.S. 367, 374, 67 S.Ct. 1249, 91 L.Ed. 1596 (1947). In 1978, the Court also recognized that the public has a right to inspect and copy

public court records. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978).

Unlike the federal constitution, the Louisiana Constitution has an "open courts" provision, providing that "[a]ll courts shall be open ..." La. Const. art. I, § 22. Citing this provision, we have held that "[o]penness in court proceedings may improve the quality of testimony, induce unknown witnesses to come forward with relevant testimony, cause all trial participants to perform their duties more conscientiously, and generally give the public an opportunity to observe the judicial system." *State v. Birdsong,* 422 So.2d 1135, 1137 (La.1982) (citing *Gannett, supra,* 443 U.S. at 383, 99 S.Ct. 2898).

In addition, Article 12, § 3 of the Louisiana Constitution provides that "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, *except in cases established by law.*" Louisiana's Public Records Law contains a broad definition of public records and numerous specific exceptions to this law. La. R.S. 44:1(A)(2)(a) (defining "public records" as "[a]ll books, records, writings ... having been used, ... or retained for use in the conduct, transaction, or performance of any business ... under the authority of the constitution or the law of this state ..."); La. R.S. 44:31 (mandating that "[e]xcept as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter, any person of the age of majority may inspect, copy, or reproduce any public record"); *see also* La. C.C.P. art. 251 (providing that "[e]xcept as otherwise provided by law, [the clerk of court] shall permit any person to examine, copy, photograph, or make a memorandum of any of these records at any time during which the clerk's office is required by law to be open").

Recognizing the public's right of access to public records is of constitutional dimension, we held in *Title Research Corp. v. Rausch,* 450 So.2d 933, 936 (La. 1984), that the right of the public to have access to mortgage and conveyance records on file with the clerk of court "is a fundamental right, and is guaranteed by the constitution." We further held:

> The provision of the constitution must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see. To allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights. *Id.*

Since *Title Research Corp.,* we have reaffirmed that "the public has a constitutional right of access to court records." *Copeland I, supra,* 930 So.2d at 941 (citing *Title Research Corp., supra* ); *In re John Doe,* 96–2222 (La.9/13/96), 679 So.2d 900, 901(holding that "[a]s a general rule, pleadings filed in this Court are public records and are not subject to being sealed.")

*Copeland,* 2007-0177, pp. 3-5, 966 So.2d at 1042-1044.

The Court recognized that general codal articles provide for a trial court's discretion in sealing all or part of a court record, referencing La. C.C.P. article 191, which provides that "a court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law," and La. C.C.P. article 1631(A) which states "[t]he court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done."

The Supreme Court noted that the trial court in *Copeland II* treated the motion to seal as a motion for protective order pursuant to La C.C.P. article 1426. The Court found that the standard provided for granting a motion for protective order, which allows for the granting of such motions when justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, is too low to be applied to motions to seal court records. The Supreme Court found that the "trial court erred in treating this motion to seal as a motion for protective order under La. C.C.P. art. 1426. A party's claim of mere 'annoyance, embarrassment, oppression, or undue burden or expense' is not enough to overcome the public's right of access to public records." *Copeland*, 2007-0117, p. 7, 966 So.2d at 1046.

The Supreme Court concluded that a trial court must analyze the competing constitutional rights and employ a balancing test to determine whether a motion to seal should be granted. The Court concluded:

> Considering the strong constitutional bias in favor of open access by the public to court proceedings, we find the trial court's blanket order sealing the entire record in this case to be overbroad. Although there may be some justification for sealing certain sensitive evidence in a proceeding, the parties have the burden of making a specific showing that their privacy interests outweigh the public's constitutional right of access to the record. The trial court, should it grant such relief, must ensure that its order is narrowly

6

tailored to cause the least interference possible with the right of public access.

*Copeland, supra* at 941.

> This balancing test properly subjects the parties' request to have the record sealed to the trial court's discretion, which has supervisory power over its own records and files, placing the burden of proof on the parties seeking closure, and balancing the parties' privacy interests against the public's constitutional rights of access to court proceedings and documents.

*Copeland*, 2007-0177, p. 10, 966 So.2d at 1047.

This Court has applied *Copeland I* and *Copeland II* in several cases. In *Loeb v. Vergara*, 2020-0261, p. 21 (La. App. 4 Cir. 1/27/21), 313 So.3d 346, 363, this Court applied *Copeland II* to conclude that the trial court's ruling sealing the entire record and all of the exhibits filed was unconstitutional and not narrowly tailored. This Court found that Ms. Vergara's redaction of personally identifiable information from all deposition transcripts and exhibits sufficiently protected Mr. Loeb's privacy.

The defendant in *Patterson, supra,* sought review of the trial court's judgment ordering the transcript of the minor child, L.J.'s, *Watermeier* testimony to be sealed. The trial court stated in its judgment that the transcript was "sealed due to the delicate issues involved in the case." *Patterson*, 2019-0333, p. 24, 282 So.3d at 1091. The Court relied upon and quoted both *Copeland I* and *Copeland II* in holding that the trial court did not abuse its discretion in sealing the hearing transcript. This Court stated:

> Furthermore, the trial court only sealed the portion of the transcript containing L.J.'s in-chambers interview, it did not seal the entire transcript and thus narrowly tailored the information to be sealed. Additionally, while the parties in this litigation have an interest in the court records, there does not appear to be a discernable public interest in the content of L.J.'s sealed testimony. Therefore, in applying the balancing test of *Copeland II*, it would appear that that maintaining the confidentiality of L.J.'s testimony outweighs

7

the right of public access to the transcript. As such, the trial court did not abuse its discretion in sealing the *Watermeier* transcript.

*Patterson*, 2019-0333, p. 28, 282 So.3d at 1093.

In *Vagelos v. Abramson*, 2012-1235 (La. App. 4 Cir. 10/2/13), 126 So.3d 639, the defendant, Abramson, filed a motion to seal the appellate record.  The basis for the motion was that the trial court had previously granted the plaintiff's unopposed motion to seal the record, which had been filed the day the petition for damages was filed.  The motion to seal the record filed in the trial court provided that the plaintiffs were seeking to the seal the record for thirty days so that possible resolution of the case could be explored.  The trial court granted the motion and ordered that "any reference to the suit caption and the suit indices be omitted for thirty days."  *Vagelos*, 2012-1235, p. 8, 126 So.3d at 644. This Court discussed *Copeland I* and *Copeland II* and emphasized that under these cases, the test employed by the court must balance:

> **"[T]he parties['] privacy interests against the public's constitutional rights of access to court proceedings and documents."** *Copeland II,* [20]07–0177 at p. 10, 966 So.2d at 1047. The Court explained:
> **Although there may be some justification for sealing certain sensitive evidence in a proceeding, the parties have the burden of making a specific showing that their privacy interests outweigh the public's constitutional right of access to the record. The trial court, should it grant such relief, must ensure that its order is *narrowly tailored to cause the least interference possible with the right of public access.* *Copeland II*, [20]07–0177 at p. 10, 966 So.2d at 1047 (emphasis added).**

*Vagelos*, 2012-1235, p. 10, 126 So.3d at 645 (emphasis in original).

This Court denied the motion to seal the record because the original motion to seal and the order sealing the record were not narrowly tailored to cause the least interference possible with the right of public access.

> In the present case, although the plaintiffs filed a motion requesting that the record be sealed for a limited period of thirty days, the seal remained active in the case throughout the duration of the trial court proceedings. Not

only did this have the effect of extending the concealment of the records beyond 30–days authorized by the trial court, it also allowed the parties to avoid satisfying their burden of proving that the request was not overly broad. Because the court's ultimate action in sealing the entire record exceeded the scope of the parties' original motion to seal and the order issued by the court, this action was not **"narrowly tailored to cause the least interference possible with the right of public access"** as required by law. *Copeland II,* [20]07–0177 at p. 10, 966 So.2d at 1047.

Based on the foregoing, Abramson's motion to seal the record of appeal is denied. The trial court did not conduct a hearing on the matter and there is nothing in the record before us to indicate that the parties satisfied their burden of proving the existence of private and sensitive information which would outweigh the public's constitutional right of access to the records in this proceeding.

*Vagelos*, 2012-1235, pp. 11, 126 So.3d at 645-646.

In the present case, the trial court did not conduct a hearing when it granted Mr. Glago's motion to seal the record, and it did not conduct an evidentiary hearing when it considered Ms. Glago's motion to unseal the record. In light of the *Copeland* cases and subsequent cases from this Court, the trial court abused its great discretion in granting the motion to seal and denying the motion to unseal the record without an evidentiary hearing at which the parties could produce evidence to support their arguments. At the hearing, Mr. Glago would bear the burden of proving the existence of private and sensitive information which outweighs the public's constitutional right of access to the records in this proceeding.

Accordingly, the application for supervisory writs is granted, the trial court's judgment granting the motion to seal the record is vacated, and the matter is remanded for a contradictory evidentiary hearing consistent with the Supreme Court's rulings in *Copeland I* and *Copeland II.*

**WRIT GRANTED; TRIAL COURT'S JUDGMENT GRANTING MOTION TO SEAL IS VACATED; REMANDED TO THE TRIAL COURT FOR CONTRADICTORY HEARING CONSISTENT WITH *COPELAND I* AND *COPELAND II.***